**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **5:03-CR-16** |
| | § | **5:03-CR-17** |
| **CLIFFORD LEE** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On September 22, 2009, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Greg Waldron.

Clifford Lee ("Defendant") was sentenced on April 8, 2004 in case numbers 5:03CR16 and 5:03CR17, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offenses of Conspiracy to Possess with Intent to Distribute Marijuana, a Class C felony, and False Statement Made to a Federal Firearms Licensee with Intent to Acquire a Firearm, a Class C felony. This first offense carried a statutory maximum imprisonment term of twenty years, and the second offense carried a statutory maximum imprisonment term of ten years.

The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of II, was 41 to 51 months. For both cases, Defendant was subsequently sentenced to 41 months imprisonment followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse. On March 17, 2006, Defendant completed his period of imprisonment and began service of the supervision term.

On June 26, 2009, the instant petition to revoke was filed in both cases. In its petitions, the

Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. Defendant was arrested on or about May 29, 2008, by the Texarkana, Texas Police Department for committing the offense of Possession of Marijuana >5lbs<=50lbs, Third Degree Felony. As of the date of the petition, the charge was still pending in state court. Defendant was also arrested on or about May 29, 2008, by the Texarkana, Texas Police Department for committing the offense of Evading Arrest Detention with Vehicle, a State Jail Felony. While officers tried to stop Defendant's vehicle, he failed to stop and attempted to evade marked units. As of the date of the petition, the charge was still pending in state court.

2) Defendant shall not illegally possess a controlled substance. Specifically, the Government alleges as follows. On or about May 29, 2008, Defendant possessed a controlled substance by being arrested for Possession of Marijuana >5lbs<=50lbs.

3) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered. Specifically, the Government alleges as follows. On or about May 29, 2008, Defendant was observed by the Texarkana Police Department to be at a residence located at 305 Old Boston Road, Texarkana, Texas. This is an address known for drug activity by the Texarkana Police Department. Defendant was seen leaving the residence with the Fed Ex package that contained marijuana which was placed there by the Texarkana Police Department in a controlled delivery.

The Court scheduled a revocation hearing September 22, 2009. At the hearing on the Government's petitions and after consenting to the undersigned's taking the plea, Defendant pled true to the allegations as set forth above. Based upon the Defendant's plea of true to the allegations

and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petitions.

Pursuant to the parties' agreement and after considering the Probation Office's sentencing recommendation of the same, the Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months in case numbers 5:03CR16 and 5:03CR17, to run concurrently with each other as well as state case numbers 09F0010-102 and 090F0011-102, with no term of supervised release to follow such term of imprisonment.

The State of Texas prosecuted Defendant for those offenses that gave rise to the Government's petitions to revoke supervised release in the above federal causes of action. Defendant was subsequently sentenced on August 20, 2009 to five years in the Texas Department of Corrections for the possession of marijuana charge and 6 months in state jail for the evading arrest charge.

At the hearing, Defendant asked that he be given credit for time served in state custody in case numbers 09F0010-102 and 090F0011-102 even though no federal detainer was lodged until June of 2009. Because Defendant was arrested on May 29, 2008, he has been in state custody for the charges at issue in the Government's petitions since that time. Therefore, the Court recommended that in case numbers 5:03CR16 and 5:03CR17, Defendant be given 365 days credit for time served in state case numbers 09F0010-102 and 090F0011-102 beginning on May 29, 2008, the date of his original arrest. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months in case numbers 5:03CR16 and 5:03CR 17, to run concurrently with each other as well as state case numbers 09F0010-102 and 090F0011-102, with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that Defendant be given 365 days credit for time served in state case numbers 09F0010-102 and 090F0011-102 beginning on May 29, 2008, the date of his original arrest.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 23rd day of September, 2009.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE